STENNETT v. THE PENNSYLVANIA FIRE INS. CO.

1. **Fire Insurance**: INCREASE OF RISK: INSURANCE AGENT AS EXPERT. The mere fact that one is an insurance agent does not show that he is qualified to testify as an expert as to the nature of a risk.

2. ———: IMPERFECT TITLE OF INSURED: KNOWLEDGE OF AGENT: EVIDENCE. The fact that the defendant's agent, a few months before he took plaintiff's application for the risk in question, knew that plaintiff was foreclosing a mortgage on the property, *held* not sufficient to raise an inference that he knew, when he took the risk, that plaintiff's only

interest in the property was such as was given by a sheriff's certificate of sale under the foreclosure.

3. ———: KNOWLEDGE OF AGENT TO BIND COMPANY: EVIDENCE. Where an insurance agent, in transacting business not connected with his agency, acquires knowledge which might affect a policy subsequently issued by him as agent, evidence of such knowledge cannot be given against the company, where it was acquired so long before the issuance of the policy as not to justify an ·inference that he had it in mind, and acted upon it, in issuing the policy.

### *Appeal from Montgomery District Court*

### FRIDAY, APRIL 23.

ACTION upon a policy of fire insurance. There was a trial to a jury, and verdict and judgment were rendered 'for the plaintiff. The defendant appeals.

*R. W. Barger* and *Junkin & Deemer*, for appellant.

*C. E. Richards* and *S. McPherson*, for appellee.

ADAMS, CH. J.—I. The property was insured January 8, 1884, as a saloon for the sale of wine and beer. After the law took effect prohibiting the sale of wine and beer, the use of the building as a saloon was discontinued, but the occupant proceeded to use it as a gambling-house. The policy provided against any change of use which should increase the risk. The defendant averred in its answer the change of use as an increase of risk, and offered to show by one Henry, as an insurance agent, that, in his opinion, the use in question involved an increase of risk. The court, however, excluded the evidence upon the ground that the subject was not one upon which expert testimony was admissible. The ruling is assigned as error.

*1. FIRE insurance: increase of risk: insurance agent as expert.*

As to whether expert testimony upon such a subject is admissible, there appears to be some conflict in the authorities. In *Mitchell v. Home Ins. Co.*, 32 Iowa, 424, it was held, without any special consideration of the authorities,

that it was admissible, though the exclusion of it under the facts of that case did not amount to reversible error. We do not find it necessary to give the question much attention, because the ruling can be sustained upon the ground that the witness utterly failed to show that he was qualified to testify as an expert. It is abundantly evident that a person does not become thus qualified by the mere fact that he is an insurance agent. He should be one whose duties had been such that he had become experienced in passing upon risks, or had acquired special knowledge upon the subject. A mere soliciting agent, as the witness in this case might have been, is not necessarily of that class. In Fland. Ins., 523, the author says: "Insurance officers or agents cannot be called as experts in matters of this kind, unless it appears that, in the course of their business, they have acquired special knowledge of the subject-matter of the inquiry."

II. The policy contained a provision in these words : "If insurance is desired on property of any kind in which the interest of the applicant for insurance does not amount to the entire, sole and absolute ownership, it must, in every such case, be so represented to the company, and clearly expressed in the body of the policy; otherwise there will be no liability hereunder as to such property or limited interest." The policy also contained a further provision in these words: "Agents of this company have no power to bind the company in violation of any of the printed terms or conditions of insurance as herein expressed, and no printed or written condition or restriction hereof, which by its terms may be the subject of waiver, shall be deemed to have been waived except by a distinct specific agreement, clearly expressed in the body of the policy." The plaintiff showed in his petition that his interest in the property, at the time he applied for and obtained the insurance, was merely that of the holder of a sheriff's certificate, issued upon a sale made upon execution, and the character of his interest was

2. ——: imperfect title of insured : knowledge of agent: evidence.

not expressed in the body of his policy.   The plaintiff, how-
ever, to avoid the effect of the provision of the policy, pleaded
that he did not examine the policy when it was delivered to
him; that he notified the agent of the character of his inter-
est, and supposed that it was properly expressed in the body
of the policy.   On the trial the plaintiff, for the purpose of
proving that the defendant's agent had notice of the charac-
ter of the plaintiff's interest in the property, offered to prove
that the agent was a notary public; that as such, about
six months before the issuance of the policy, certain
depositions were taken before him to be used in the foreclos-
ure action in pursuance of which the execution sale was made
at which the plaintiff purchased.   The defendant objected to
the evidence, but the court admitted it.

In this we think that the court erred.   Whether, under
the provisions of the policy, it was competent to show by
parol that the real contract between the parties was different
from that expressed in writing, or that provisions of the
written contract were waived by a parol understanding at the
time it was executed, it is not strictly necessary to determine,
and we might not be agreed.   It is sufficient to say that we
do not think that the evidence would have had any tendency
to prove the understanding relied upon.   The fact that the
defendant's agent acted as a notary public in taking deposi-
tions in the foreclosure action would have shown, perhaps,
that he had knowledge at that time of the pendency of that
action, but it would not have shown that he knew at the time
the policy was issued that a decree had been rendered, and
that the plaintiff had purchased the property at execution
sale, and that it remained subject to redemption.   Absolute
ownership might have accrued to the plaintiff before the issu-
ance of the policy, notwithstanding the fact that he was fore-
closing a mortgage upon the property a few months before.
3. ——:                Besides, the knowledge acquired by the notary
knowledge of
agent to bind    was not acquired by him as agent of the com-
company:
evidence.          pany, nor while acting as such, but merely inci-

dentally, while transacting other business, and not sufficiently near to the time of the issuance of the policy to justify any inference that he had it in mind, and acted upon it, in issuing the policy.

For error in the admission of this evidence, the judgment must be

REVERSED.