Goss, Appellant, vs. AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, NEW YORK, Respondent.

*January 9 — January 28, 1896.*

*Insurance against fire: Waiver of conditions in policy: Pleading: Striking out redundant matter.*

1. A provision in a policy that it shall be void "if the subject of the insurance be a building on ground not owned by the insured in fee simple" will be *held* to have been waived if, at the time the policy was issued, the agent of the insurer knew that the insured had only an estate for years in the land, although the policy further provides that no officer or agent shall have power to waive any provision or condition thereof unless such waiver shall be written thereon or attached thereto.

2. Ch. 195, Laws of 1891 (authorizing the insurance commissioner to prepare and adopt a standard policy of fire insurance), being void, the rule as to the waiver of conditions remained as before that act, and was applicable to policies in the form so adopted.

Goss vs. Agricultural Ins. Co. of Watertown.

3. Where the complaint in an action on an insurance policy sufficiently
   showed a waiver of conditions therein, it was not error to strike
   out other allegations to the effect that it was by a mutual mis-
   take that such conditions were left in the policy.

APPEAL from orders of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *One order affirmed; the other reversed.*

This was an action on an insurance policy in the form known as the " standard policy," adopted by the insurance commissioner under ch. 195, Laws of 1891, issued by the defendant company to the plaintiff, in the sum of $1,000, upon a two-story frame dwelling house and additions thereto, on lots in Milwaukee, and known as Nos. 166 and 168 Broadway; the buildings having been subsequently destroyed by fire. The policy, made a part of the complaint, contained a provision that the policy should be void, unless otherwise provided by an agreement indorsed thereon or added thereto, " if the subject of the insurance be a building on ground not owned by the insured in fee simple;" and it contained the further provision that "no officer, agent, or other representative shall have power to waive any provision or condition of this policy, . . . unless such waiver, if any, shall be written hereon or attached hereto."

It appeared from the complaint that the estate of the insured in and to the lots on which the dwelling house stood was for years only, and the copy of the policy showed that no waiver of the foregoing condition as to title in fee simple had been written upon or attached thereto. But it was alleged that the plaintiff's agent, who applied for the policy, at the time informed the defendant's agent that the plaintiff was the owner of an estate for years in the aforesaid real estate, and the absolute owner of the buildings, and asked to have insurance on said buildings accordingly; that her agent truly stated the facts concerning her estate in the lots on which the buildings stood, and her ownership of the

buildings, and that the defendant's agent took said application and agreed to issue a policy thereon in the sum of $1,000; that, on receipt of the required premium, the said agent issued the policy upon which the action is founded, and the same was accepted by the plaintiff's agent.

The complaint contained the other allegations usual in such case, and also contained other allegations, stricken out on motion as irrelevant and redundant, in substance, that the defendant's agents were furnished by it with a form of contract or policy which it was their custom to use, containing, in addition to the contract of insurance, ninety-six lines of fine print, embracing numerous contracts, covenants, conditions, and provisos, modifying and affecting said contract; that the policy was delivered by the defendant and accepted by the plaintiff as conforming to the contract so made, and with the knowledge on the part of the defendant that said policy was upon buildings situated on leasehold property, and with the intention to insure said property and buildings against loss or damage by fire during the continuance of the policy, and with the intention of waiving said conditions, and by mutual mistake they were left in said policy. After these allegations were stricken out, the defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The circuit court sustained the demurrer, and the plaintiff appealed from the order; and she also appealed from the order striking out the aforesaid portions of the complaint.

The cause was submitted for the appellant on briefs by *Timlin & Glicksman,* and for the respondent on the brief of *Van Dyke & Van Dyke & Carter.*

PINNEY, J. The plaintiff was not injured or prejudiced by the order striking out the portions of the complaint above referred to. The remaining allegations were sufficient to show that the defendant's agent, at the time the policy was

issued, knew the facts as to the plaintiff's title to the lots on which the buildings insured stood; that she had only an estate for years, and not a title in fee simple; and that he waived the conditions avoiding the policy on the ground that her title was not in fee simple. This waiver was effective. *Renier v. Dwelling House Ins. Co.* 74 Wis. 89; *Carey v. German Am. Ins. Co.* 84 Wis. 89, 90; *Bourgeois v. Mut. F. Ins. Co.* 86 Wis. 402; *Dowling v. Lancashire Ins. Co., ante,* p. 63. The provisions of ch. 195, Laws of 1891, authorizing the state insurance commissioner to prepare, approve, and adopt a standard policy of fire insurance, as therein stated, having been declared unconstitutional and void, the provision of the policy in question requiring the waiver of the condition relied upon to be by agreement indorsed on the policy or added thereto was not binding on the plaintiff; but the rule as to waiver of such or similar conditions remained as before the statute, and as declared in the cases above cited. *Dowling v. Lancashire Ins. Co., supra.* It follows, therefore, that the order striking out portions of the complaint was not erroneous, but that the order sustaining the defendant's demurrer was erroneous.

*By the Court.*— The order of the circuit court striking out portions of the plaintiff's complaint is affirmed. The order sustaining the defendant's demurrer is reversed, and the cause is remanded for further proceedings according to law.