McDonald Appellant, vs. Fire Association of Phila-
delphia, Respondent.

*May 1 — May 22, 1896.*

*Insurance against fire: Waiver of conditions: Knowledge of agent ac-
quired in another capacity.*

A provision in an insurance policy that it should be void if the prop-
erty was incumbered by a chattel mortgage is *held* to have been
waived where the agents who issued the policy had themselves, in
their capacity as bankers, taken a chattel mortgage on the prop-
erty, and that fact was known to one of them when the policy
was issued.

Appeal from a judgment of the circuit court for Brown
county: S. D. Hastings, Jr., Circuit Judge. *Reversed.*

Action to recover on a fire insurance policy. J. and J. H.
Tayler, father and son, were engaged in the banking and
insurance business at Green Bay, Wisconsin; the son chiefly
attended to the banking business, and the father to the in-
surance business. Prior to the taking out of the policy in
question, the two Taylers, as bankers, the business being
done by the son, took a chattel mortgage running to the
bank on property covered by the insurance policy. The
property was so incumbered at the time the policy was
issued. No mention was made of the mortgage in such
policy, and it contained the usual provision that the policy,
unless otherwise provided by agreement indorsed thereon
or added thereto, should be void if the subject of the insur-
ance be personal property and be incumbered by chattel
mortgage. All the facts were established requisite to entitle
plaintiff to recover, unless the existence of the chattel mort-
gage was fatal, under the circumstances, to plaintiff's claim.
Judgment was rendered in defendant's favor, from which
this appeal was taken.

The cause was submitted for the appellant on the brief of

*Greene, Vroman & Fairchild,* and for the respondent on that of *Kueffner, Fauntleroy & Rice.*

For the appellant it was argued, among other things, that the knowledge of J. H. Tayler as to the chattel mortgage is the knowledge of J. Tayler and imputable to the defendant; and the knowledge and act of J. Tayler as to the policy and the issue of it is the act of J. H. Tayler, and known to him actually or constructively. In other words the knowledge of each partner concerning the business in hand is the knowledge of both and imputable to the defendant. *Hubbard v. Galusha,* 23 Wis. 398; *Tucker v. Cole,* 54 id. 539; *Kennebec Co. v. Augusta Ins. Co.* 6 Gray, 204; *Mullen v. Vt. Mut. Ins. Co.* 58 Vt. 113; *Newman v. Springfield F. & M. Ins. Co.* 17 Minn. 123; *Purinton v. Security L. Ins. & A. Co.* 72 Me. 22; *Gordon v. Buchanan,* 5 Yerg. 71; *Tucker v. Bradley,* 33 Vt. 324; *Van Schoick v. Niagara F. Ins. Co.* 68 N. Y. 434; *Smith v. Hall,* 5 Bosw. 325; *Gillett v. Phillips,* 13 N. Y. 114, 117; *Bergeron v. Pamlico Ins. & B. Co.* 111 N. C. 45; *Hartford F. Ins. Co. v. Josey,* 6 Tex. Civ. App. 290; *Bodine v. Exchange F. Ins. Co.* 51 N. Y. 117, 123; 1 May, Ins. (3d ed.), § 154; *Eclectic L. Ins. Co. v. Fahrenkrug,* 68 Ill. 463, 470.

For the respondent it was contended, *inter alia,* that inasmuch as J. H. Tayler, the cashier of the bank, was not acting for the company at the time he knew of this mortgage, but was acting solely for the bank, and inasmuch as J. Tayler when he wrote the policy did not know of the mortgage to the bank, the company is not bound. The burden was on the insured to prove that J. Tayler knew of this mortgage *at the time the policy was written.* A waiver to be effectual must be *intentional.* *Moore v. Phœnix Ins. Co.* 13 Am. St. Rep. 556; *Schreiber v. German-Am. H. Ins. Co.* 43 Minn. 368; *Gray v. Guardian Ass. Co.* 82 Hun, 380; *Bersche v. Globe Mut. Ins. Co.* 31 Mo. 546. How could J. Tayler, at the time he wrote the policy, intend to waive the existence of this mortgage, when he did not know of it?

MARSHALL, J.  The policy was in the form provided for by ch. 195, Laws of 1891.  The decision of the trial court was based on the supposed validity of that act, and that the provision of the policy to the effect that, unless otherwise provided by agreement indorsed thereon or added thereto, it should be void if the subject of insurance be personal property and be incumbered by a chattel mortgage, had the force of law, and was effectual to avoid the policy, regardless of whether the company had notice of the mortgage when it was issued or not; but, inasmuch as such law has been declared unconstitutional (*Dowling v. Lancashire Ins. Co.* 92 Wis. 63; *Goss v. Agricultural Ins. Co.* 92 Wis. 233), the reasons which moved the learned trial judge to hold the policy void do not apply on this appeal.

The policy, though void by its terms (*Wilcox v. Continental Ins. Co.* 85 Wis. 193), is not necessarily so, because the provision in regard to the chattel mortgage was subject to waiver, and, as a matter of law, was waived by the company if it had notice of the existence of such mortgage when the policy was issued (*Dowling v. Lancashire Ins. Co., supra; Goss v. Agricultural Ins. Co., supra*).  But it is claimed in this case that the agent through whom the policy was issued was a banker, and that the knowledge he received of the existence of the mortgage was in the latter capacity; hence such knowledge is not imputable to the company.  On this there is some conflict of authority in other jurisdictions.  *Union Nat. Bank v. German Ins. Co.* 18 C. C. A. 203, 71 Fed. Rep. 473; *Trentor v. Pothen,* 46 Minn. 298; *St. Paul F. & M. Ins. Co. v. Parsons,* 47 Minn. 352,— and other cases that might be cited, so hold; while in *Stennett v. Pa. Ins. Co.* 68 Iowa, 674, it is held, in effect, that if the knowledge is obtained outside of the agency, and the circumstances are not such as to justify an inference that the agent had the fact in mind at the time the policy was issued, such knowledge will not affect the company; and this we deem to be the true rule, and it was dis-

tinctly so held in *Shafer v. Phœnix Ins. Co.* 53 Wis. 361. The claim was made that, unless the agent acquired his knowledge in the capacity as agent, and while engaged in the transaction of its business, the company is not bound. In the opinion, by Mr. Justice Cole, it is said, in effect: ' We see no reason for thus restricting the rule. If the agent, when he issued the policy, had not forgotten the information which he had received from the assured on those subjects; if he had in his mind these facts concerning the risks,— why should this not be deemed sufficient, and equivalent as notice to the defendant of the same things? If the agent knew the facts when called upon to act for his principal, that is all we consider necessary.' The last expression must be considered with what precedes it, to the effect that if the agent has the fact in mind of which he had previously, in another capacity, been informed, when he issues the policy, the company is bound, and should not be understood as holding that previous knowledge of the agent will in any event charge the principal with such knowledge. As said in *Stennett v. Pa. Ins. Co.* 68 Iowa, 674, if the circumstances are not such as to justify the inference that he had the information in mind at the time of issuing the policy, the company will not be affected thereby. To this effect is *Brothers v. Bank of Kaukauna,* 84 Wis. 381, where the rule is stated thus: "If the agent acquires his information so recently as to make it incredible that he should have forgotten it, his principal will be bound, although not acquired while transacting the business of the principal."

Applying the foregoing to the findings in this case, defendant must necessarily be charged with knowledge of the existence of the chattel mortgage when the policy in question was issued. The court found that the agents obtained the information in respect to the mortgage in their capacity as bankers, but that J. H. Tayler, one of such agents, knew of it when the policy was issued. There is no finding that the agent did not have the fact in mind, and nothing in the

findings or in the evidence to justify the inference that it had been forgotten; hence the defendant must be held to have had knowledge of the mortgage when the policy was issued, and to have waived the provision of the policy under consideration.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment in accordance with the prayer of the complaint.