DE WITT, Respondent, vs. THE HOME FORUM BENEFIT ORDER, Appellant.

*February 2 — February 23, 1897.*

*Life insurance: Benefit society: Waiver.*

A benefit society, by receiving into membership a person who had previously been grossly intemperate and who had taken the Keeley treatment for the cure of the liquor habit, with knowledge on the part of the person who took his application at the time thereof that he had taken such treatment, thereby waives the conditions in the application in respect to the use of intoxicating liquors, so far as such use was implied in the taking of such treatment; and in this case evidence that such officer had knowledge of the facts was properly admitted.

APPEAL from a judgment of the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

The case is fully stated in the opinion.

For the appellant there was a brief by *Bushnell, Watkins & Moses,* and oral argument by *A. R. Bushnell* and *A. A. Watkins.* They contended that the falseness of the applicant's statements as to his temperate habits avoided the

contract. *Baumgart v. Modern Woodmen,* 85 Wis. 546;
*Blumer v. Phœnix Ins. Co.* 45 id. 622; *S. C.* 48 id. 535;
Cooke, Life Ins. §§ 15–17. The policy was absolutely con-
ditioned on the truth of those statements, and the evidence
as to the knowledge of the person procuring the applica-
tion was wrongly admitted, as tending to vary the contract
by parol. *Kenyon v. Knights Templars & M. M. A. Asso.*
122 N. Y. 247–257; *Barteau v. Phœnix Mut. L. Ins. Co.* 67 id.
595; *Foot v. Ætna L. Ins. Co.* 61 id. 571–576; *Vose v. Eagle
L. & H. Ins. Co.* 6 Cush. 42–49; *Galbraith v. Arlington Mut.
L. Ins. Co.* 12 Bush, 29; *Westropp v. Bruce,* Batty, 155.

For the respondent there was a brief by *W. E. Howe* and
*Paul Meyer,* and oral argument by *W. E. Howe.*

CASSODAY, C. J. This action is brought to recover $3,000
and interest, according to the terms of a certificate deliv-
ered by the defendant March 3, 1893, upon the life of Charles
A. De Witt, who died March 16, 1894. The defense is to
the effect. that, contrary to the conditions contained in the
application for such insurance, said De Witt was addicted
to the habitual use of intoxicating liquors; that while under
the influence of intoxicating liquors, and while intoxicated,
he took his own life; that said De Witt falsely and fraudu-
lently represented to the defendant, for the purpose of ob-
taining from it said certificate, that he had never had delirium
tremens, that he did not use any malt or spirituous bever-
ages, and had never used the same, except occasionally, and
that he had never theretofore been other than a sober and
temperate man. The medical examiner's answers to ques-
tions relating to such matters were to the effect that De
Witt did not then use any malt or spirituous beverages; that.
he had used them occasionally; that he had no reason to
suppose that De Witt was then or had been other than
a sober and temperate man, except as above stated; and that
he considered De Witt a first-class risk.

De Witt vs. The Home Forum Benefit Order.

At the close of the trial, the jury returned a special verdict to the effect that the defendant's grand secretary, who took the application of De Witt for membership in said order, knew, before De Witt was received into membership, that he had taken the Keeley treatment for the liquor habit; that such answer of the medical examiner as to De Witt's use of malt or spirituous beverages was a full, complete, and true answer; that, at the time said De Witt made such application, he did not use malt or spirituous beverages; that De Witt died in consequence of and as a direct result of the disease pneumonia; that said De Witt did not destroy his own life; that his death was not the direct result or consequence of wounds self-inflicted; that De Witt did not die in consequence of and as a direct result of the use of intoxicating liquors. From the judgment entered thereon in favor of the plaintiff for $3,277 damages, and $255.31 costs, the defendant brings this appeal.

The evidence sustains the several findings of the jury. True, at the foot of such medical examiner's statement is the following warranty: "I do hereby warrant that the answers as written to the above questions put by the medical examiner are full, complete, and true, and the same shall be made a part of the herein referred to application for membership, and that I am the person who signed the application on the opposite side, and was examined as above. Charles A. De Witt, Applicant." Nevertheless, the fact found by the jury to the effect that the defendant's grand secretary, who took the application for membership, knew, before De Witt was received into membership, that he had taken the Keeley treatment for the liquor habit, was, under the repeated rulings of this court, a waiver of the conditions contained in the application, so far as such use of liquor was implied in the taking of such treatment. *Renier v. Dwelling House Ins. Co.* 74 Wis. 89, and cases there cited; *Stanhilber v. Mut. M. Ins. Co.* 76 Wis. 285; *Bourgeois v.*

*Mut. F. Ins. Co.* 86 Wis. 402; *Dick v. Equitable F. & M. Ins. Co.* 92 Wis. 46; *Dowling v. Lancashire Ins. Co.* 92 Wis. 63; *Goss v. Agricultural Ins. Co.* 92 Wis. 233. It necessarily follows that there was no error in admitting evidence to prove that the person who, on behalf of the defendant, took such application, had such knowledge. We are constrained to hold that the court submitted to the jury all the material and controverted questions of fact involved in the case. The application for a continuance, under the circumstances disclosed, was insufficient and properly denied.

*By the Court.*— The judgment of the circuit court is affirmed.