Hobkirk vs. The Phœnix Ins. Co. of Hartford, Conn.

HOBKIRK, Appellant, vs. THE PHŒNIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Respondent.

*January 11 — January 31, 1899.*

*Fire insurance: Waiver of condition as to incumbrances: Reformation.*

1. Prior to the enactment of ch. 387, Laws of 1895, the issuance of an insurance policy by an agent with full knowledge of the existence of an incumbrance on the property was a waiver of a condition in the policy against incumbrances, even though the policy provided that such waivers must be in writing.

2. Where such a condition has been so waived a recovery may be had on the policy without its being reformed to express the consent of the company to the incumbrance.

APPEAL from a judgment of the circuit court for Dodge county: WARHAM PARKS, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *James J. Dick,* and for the respondent on that of *C. E. Hooker,* of counsel.

CASSODAY, C. J. The following facts appear from the record, and are, in effect, found by the court: During the past four years the plaintiff has been engaged in the mercantile business in Waupun. The defendant was a corporation organized under the laws of Connecticut, and R. L. Oliver was, during that time, its agent. During that time it was understood and agreed, by and between the plaintiff and the defendant, through its said agent, that when the plaintiff's insurance policy in the defendant, on his stock, furniture, and fixtures, should expire another should be issued, extending the one then expiring, and that the defendant should keep the plaintiff constantly insured against damage by fire to his stock, furniture, and fixtures in the sum of $2,000. December 1, 1893, the defendant, in accordance with such agreement, issued and delivered to the plaintiff its policy of insurance in the sum of $2,000 against

102  13
109  376

102      13
60 LRA  920

102      13
117    1535

Hobkirk vs. The Phœnix Ins. Co. of Hartford, Conn.

damage by fire for the term of one year from that date,—
$1,800 on his stock, and $200 on his furniture and fixtures.
June 5, 1894, the plaintiff gave a chattel mortgage to his
father, Robert Hobkirk, Sr., on his stock of goods, furni-
ture, and fixtures, to secure an indebtedness then owing by
him to his father and others, amounting to some $1,800,
and the same was filed June 12, 1894. June 5, 1894, the de-
fendant, through its agent, R. L. Oliver, was informed of the
execution of the chattel mortgage, and was then and there
requested, and then and there agreed, to make an indorse-
ment, in writing, on the policy, permitting the property
thereunder insured to be incumbered by a chattel mort-
gage, and making the loss, if any, thereunder payable to
Robert Hobkirk, Sr., as his interest might appear. There-
upon the defendant commenced to make the indorsement so
requested and so promised on the policy, but, being misled,
indorsed thereon instead the consent of the defendant to
the assignment of the policy to Robert Hobkirk, Sr., and
then informed the plaintiff that he had made the indorse-
ment requested and promised.

On December 19, 1894, the defendant, through its agent,
in accordance with such understanding and agreement to
keep the property insured, without any other or further re-
quest therefor, and with full knowledge of the existence of
the chattel mortgage, and for the purpose of extending the
policy, executed and delivered to the plaintiff its policy of
insurance, wherein and whereby the defendant insured the
plaintiff for the term of one year from December 19, 1894,
in the sum of $2,000,— $1,800 on his stock of merchandise,
and $200 on his furniture and fixtures,— and which policy
was the regular standard fire insurance policy of the state
of Wisconsin. Upon the delivery to the plaintiff of that
policy, the plaintiff demanded of the defendant that an in-
dorsement thereon, in writing, as so requested be made.
Thereupon the defendant agreed with the plaintiff that such

provision in reference to the chattel mortgage should be a part of the contract of insurance and policy, but it neglected to make such indorsement, and informed the plaintiff that such policy so issued was a good and valid policy. The plaintiff had performed all the conditions of such contract of insurance by him to be performed, and violated no condition thereof.

On March 12, 1895, a fire occurred, whereby the stock so insured, valued at $5,000, was damaged by fire and smoke to the amount of $700, and the furniture and fixtures were damaged by fire and smoke to the amount of $100. The plaintiff gave the defendant immediate notice of the loss. March 15, 1895, the defendant inspected the loss, and duly waived all further notice of the loss. March 27, 1895, the defendant, with full knowledge of the existence of the chattel mortgage and the terms and conditions of the policy, agreed and promised to pay the plaintiff for the amount of the loss so sustained as claimed by the defendant, and continued to recognize the policy as good and valid. Afterwards the defendant denied all liability under the policy, and refused to pay the loss, or any part thereof, and thereby waived the further proofs of loss. There was due to the plaintiff from the defendant, by reason of such loss, the sum of $800, with interest from March 27, 1895. It was provided in and by the policy that, if the subject of insurance should be personal property, as in this case, and the same should become incumbered by a chattel mortgage, then the entire policy should be void, unless otherwise provided by agreement indorsed on the policy or added thereto.

And, as conclusions of law, the court found, in effect, that the plaintiff was entitled to have judgment reforming the policy according to the facts found, and that the plaintiff have judgment in his favor against the defendant for $800, and interest from March 27, 1895, and for the costs and disbursements of this action. From the judgment entered thereon accordingly the defendant brings this appeal.

It is not only found by the court, but is virtually admitted, that at the time the policy was issued, in December, 1894, the defendant's local agent, issuing the same, had full knowledge of the existence of the chattel mortgage. As the law stood prior to the standard policy, there can be no question but that the issuing of the policy by such agent, with such knowledge, was a waiver of the condition in the policy against incumbrances. *Renier v. Dwelling House Ins. Co.* 74 Wis. 94, and cases there cited; *Bourgeois v. Mut. F. Ins. Co.* 86 Wis. 402; *Seibel v. N. W. Mut. R. Asso.* 94 Wis. 257; *De Witt v. Home Forum Benefit Order*, 95 Wis. 305. Ch. 195, Laws of 1891, was enacted for the purpose of prescribing a written form of policy which would prevent any waiver of any conditions therein, except as therein prescribed. On the assumption that that act was valid, this court held, in effect, that the conditions and provisions of such standard policy were binding, and could not be changed nor waived, except in the manner indicated. *Bourgeois v. N. W. Nat. Ins. Co.* 86 Wis. 606. The same rule has recently been applied to the present "Wisconsin Standard Fire Insurance Policy" (ch. 387, Laws of 1895, being sec. 1941—43 to 1941—65, Stats. 1898). *Straker v. Phenix Ins. Co.* 101 Wis. 413. But after the decision in *Bourgeois v. N. W. Nat. Ins. Co.* 86 Wis. 606, it was discovered that ch. 195, Laws of 1891, did not prescribe a legal form of policy, but was a mere attempt on the part of the legislature to delegate to the insurance commissioner legislative power to prescribe such form of policy, and was therefore unconstitutional and void. *Dowling v. Lancashire Ins. Co.* 92 Wis. 63. And so, notwithstanding the provisions of ch. 195, Laws of 1891, it was held in that case that "issuance of a policy after the insured had fully informed the agent as to existing incumbrances on the property was a waiver of a condition in the policy that it should be void if the property was incumbered, notwithstanding a provision that there should be no waiver of any of the conditions of the policy unless such waiver

was written upon or attached thereto." To the same effect, *Dick v. Equitable F. & M. Ins. Co.* 92 Wis. 46; *Goss v. Agricultural Ins. Co.* 92 Wis. 233; *McDonald v. Fire Asso.* 93 Wis. 348; *Flatley v. Phenix Ins. Co.* 95 Wis. 618.

In the case at bar, the insurance policy upon which the action was brought was issued December 19, 1894, and the fire and loss occurred March 12, 1895. Ch. 387, Laws of 1895, prescribing the form of the "Wisconsin Standard Fire Insurance Policy," did not go into effect until May 1, 1895; and hence the case at bar is not within nor subject to that enactment. It follows that the issuing of the policy by the defendant's agent, with full knowledge of the existence of the chattel mortgage, was a waiver of the condition in the policy against incumbrances, mentioned. Under the authorities cited, the reformation of the policy was entirely unnecessary.

*By the Court.*— The judgment of the circuit court is affirmed.

BARDEEN, J., took no part.