PHŒNIX INSURANCE COMPANY *v.* JAMES J. RANDLE.

FIRE INSURANCE. *Knowledge. Estoppel. Waiver.*

A fire insurance company which delivers a policy with knowledge of facts upon which, but for such knowledge its validity might be questioned, cannot avail of such facts after a loss in avoidance of liability on the policy.

FROM the circuit court of Clay county.

HON. WILLIAM F. STEVENS, Judge.

Randle, appellee, was plaintiff in the court below; the insurance company, appellant, was defendant there. The suit was upon a fire insurance policy issued in Texas upon property located in that state. From a judgment in plaintiff's favor, the defendant appealed to the supreme court.

Appellee lived in Texas, and took out a fire insurance policy on a storehouse and stock of goods belonging to him there. It

was destroyed by fire in July, 1900. He moved to Clay county, Mississippi, and brought the suit in this case against the appellant company which issued the policy to him, to recover of it the amount of the policy. Defendant pleaded the general issue, and gave notice that. it would prove, *inter alia*, that plaintiff had no iron safe, and that the hazard was increased by plaintiff's letting the second story of the building to a doctor, who occupied it with his drugs and medicines. The opinion of the court contains a further statement of the facts.

*Roane & McClellan*, for appellant.

The policy having been issued and accepted by the assured, every stipulation is binding on him, whether he read it or not. *Ætna Ins. Co.* v. *Holcomb*, 87 Tex., 410; *Morrison* v. *Insurance Co.*, 69 Tex., 353; *Goddard* v. *Golen*, 50 Ga., 404; *Cleavn* v. *Insurance Co.*, 71 Mich., 414; *Bonneville* v. *Insurance Co.*, 68 Mo., 298; *Greinlan* v. *Insurance Co.*, 133 N. Y., 356; *Insurance Co.* v. *Swank*, 102 Pa. St., 17. Texas cases on the legal effect of written instruments: *Scoll* v. *Hodden*, 85 Tex., 182; *Ivey* v. *Williams*, 78 Tex., 685; *Brown* v. *Insurance Co.*, 89 Tex., 594.

The iron safe clause is a covenant of warranty, and a compliance with it is necessary to a recovery in Texas. *Insurance Co.* v. *Stone*, 47 Tex., 11; *Goddard* v. *Insurance Co.*, 67 Tex., 69 (s.c., 1 S. W., 906); *German Ins. Co.* v. *Watters*, 39 S. W. Rep., 576; *Insurance Co.* v. *Cory*, 31 S. W. Rep., 321; *Insurance Co.* v. *Center*, 33 S. W. Rep., 554; *Insurance Co.* v. *Mize*, 34 S. W. Rep., 670; *Kelly-Goodfellow Shoe Co.* v. *Insurance Co.*, 8 Tex., 227 (s.c., 28 S. W. Rep., 1027).

*Critz, Beckett & Kimbrough*, for appellee.

It will be noted that the policy required plans and specifications to be furnished when demanded, but does not require any "estimate of the cost."

The appellant proved by Randle that he paid part of the pre-

mium, and the insurance agent agreed to settle the balance out of money loaned him and his father-in-law, Dr. Foler, by Randle; that it was the custom not to collect premiums for thirty days, but, further still, there is no proof whatever that the agent, Satokdel, did not settle with the company, and his deposition was taken.

The insurance agent did not take Randle's word for anything, but came and made a personal examination for himself, although he was already familiar with the store, and issued the policy on his own personal knowledge and examination, and Randle had a perfect right to presume and believe that the store and goods were then and there in an insurable condition. There would be nothing more natural. He was not familiar with insurance matters, and by the conduct of the agent was thrown completely off his guard. Any one would be. When the agent comes and makes a personal examination and goes off and issues the policy, there is nothing more natural than that the party should think it was all right, and would not take the trouble to examine it. It is a case exactly like *Mitchell* v. *Mississippi Home Ins. Co.*, 72 Miss., 53.

Whatever may have been the fluctuations in the opinions of the Texas courts, the last deliverance on April 3, 1899 is found in 92 Texas as the court of last resort, and it clearly and unequivocally holds that if the agent issues a policy with a knowledge of the true facts the company is estopped to show that the facts were different. *Wagner* v. *Westchester Fire Ins. Co.*, 92 Tex., 549, 554, 556.

There is a marked distinction between an agent or officer attempting to waive a condition or stipulation in a contract after it is made, and waiving something at the inception, for in the latter case it does not enter into the contract at all, and the Texas supreme court has gone in the case just cited as far as any court, and holds that the agent having "the power to make the contract of insurance and issue the policy" stands in the place of the corporation itself, "and having the authority to

contract, he, no more than the corporation can be bound to place his contract in writing, because it is a limitation upon the exercise of the authority conferred on him. *German Ins. Co. v. Luckett*, 12 Tex. Civ. App., 139; *Hartford Ins. Co. v. Moore*, 13 Tex. Civ. App., 644, 646; *Georgia Home Ins. Co. v. McKinley*, 14 Tex. Civ. App., 10, 11; *Penn. Ins. Co. v. Faires*, 13 Tex. Civ. App., 113, 114; *Germania Ins. Co. v. Everett*, 18 Tex. Civ. App., 516, 517; *Home Ins. Co. v. Smith*, 32 S. W. (Tex.), 173; *Sullivan v. Hartford Ins. Co.*, 34 S. W. (Tex.), 999; *Fireman's Fund Ins. Co. v. Norwood*, 69 Fed. Rep., 71; *London & L. Ins. Co. v. Fischer*, 92 Fed. Rep., 500; *McElroy v. Brit. Am. Ins. Co.*, 94 Fed. Rep., 990; *Pope v. Glenn Falls Ins. Co.*, 130 Ala., 359, 360; *Breedlove v. Norwich Ins. Co.*, 124 Cal., 168, 169 (citing 72 Cal., 94, 95; 83 Cal., 260, 261; 98 Cal., 508, 509); *Am. Cent. Ins. Co. v. Donlon*, 66 Pac. Rep. (Colo. App.), 249; *Clay v. Phœnix Ins. Co.*, 97 Ga., 44; *Mechanics, etc. v. Mutual, etc.*, 98 Ga., 262; *Milwaukee v. Brown*, 44 Pac. Rep. (Kan. App.), 35; *Phœnix Ins. Co. v. Angel*, 38 S. W. (Ky.), 1067; *Sun Ins. Co. v. Crist*, 39 S. W. (Ky.), 837; *Mutual Ins. Co. v. Hammond*, 50 S. W. (Ky.), 545; *Rogers v. Farmers, etc.*, 50 S. W. (Ky.), 543; *Germania Ins. Co. v. Ashley*, 65 S. W. (Ky.), 611; *Corson v. Anchor Mutual Ins. Co.*, 113 Iowa, 641; *Erb v. Fidelity Ins. Co.*, 99 Iowa, 727; *Security Trust Co. v. Tarpey*, 182 Ill., 52, 59; 96 Ill. App., 525; 95 Ill. App., 656; 78 Mo. App., 431; 61 Mo. App., 323; 66 Mo. App., 288; 67 Mo. App., 66; 67 Mo. App., 426; *Hilton v. Phœnix Ins. Co.*, 92 Me., 272; *Improved Match Co. v. Michigan, etc. Co.*, 122 Mich., 262, 263 (52 Mich., 131; 77 Mich., 560; 80 Mich., 412; 84 Mich., 167; 93 Mich., 84); *Home Ins. Co. v. Gurney*, 56 Neb., 306; *German Ins. Co. v. Frederick*, 37 Neb., 538; *Wood v. Am. Fire Ins. Co.*, 149 N. Y., 385, 386; *Grabbs v. Farmers, etc., Fire Ins. Co.*, 125 N. C., 389, 395 (citing among others 122 N. C.,

498); *McBryde* v. *So. Car., etc.*, 55 S. C., 589; *Dick* v. *Equitable, etc.*, 92 Wis., 47; *Schultz* v. *Caledonia*, 94 Wis., 42.

CALHOON, J., delivered the opinion of the court.

The decision of the Texas supreme court and the Mississippi supreme court are in entire harmony on the questions presented for appellant, and in both states they are against it. The agent of the insurance company who solicited the risk did not rely on Mr. Randle's statement for anything. He went in person and examined the building—knew that the doctor's shop was upstairs, and knew that Randle kept no iron safe, and did not intend to get one until the following fall; and the company, therefore, is bound as upon both waiver and estoppel. "It will not be presumed that the party making the contract intended to perpetrate a fraud, by putting in a condition which he knew would prevent it from taking effect." *Ætna Ins. Co.* v. *Holcomb*, 89 Tex. 410 (34 S. W. 915). The agent knew that, "as warranties of existing facts, they were false;" and "to deliver a policy with full knowledge of facts upon which its validity may be disputed, and then to insist upon these facts as grounds of avoidance, is to attempt a fraud," and "the courts will not hear the insurance company to say that it knowingly made and delivered to the assured what it knew at the time to be an invalid policy, and that therefore it is not liable for the loss sustained." *Wagner* v. *Ins. Co.*, 92 Tex. 554, 555 (50 S. W. 569); *Ins. Co.* v. *Ende*, 65 Tex. 123; *Goddard* v. *Ins. Co.*, 67 Tex. 69 (1 S. W., 906; 60 Am. Rep. 1); *Dowling* v. *Ins. Co.*, 92 Wis., 63 (65 N. W., 738; 31 L. R. A., 112); *Goss* v. *Ins. Co.*, 92 Wis. 233 (65 N. W., 1036); *Corson* v. *Ins. Co.*, 113 Iowa, 641 (85 N. W. 806).

*Affirmed.*