Big Creek Drug Company *v.* Stuyvesant Insurance Company.

[76 South. 548, Division B.]

Insurance. *Forfeiture. Waiver and estoppel. Knowledge of agent.*
   Under Code 1906, section 2615, defining who are the agents of insurance companies and their powers, where the soliciting agent of a fire insurance company at the time the risk was accepted knew that the owner did not have and did not intend to have an iron safe and told him it was unnecessary to have such safe, such statement became and was the act of the insurance company, and it was bound in such case both upon waiver and estoppel.

On suggestion of error. For former opinion, see 75 So. 768.

Stevens, J., delivered the opinion of the court.

The suggestion of error must be overruled. The position of the court is, not that a soliciting agent may waive

important provisions of the policy after the policy is executed and delivered and becomes a binding contract, but that the principal is bound by the knowledge possessed by the agent who inspects the risk and accepts the application for the insurance. We are dealing here with the *status* or condition of property when it is first inspected as a risk, existing conditions, and not with something to be done or left undone in the future. Any other construction, in our opinion, would violate section 2615, Code of 1906, defining an "agent" of an insurance company. It is there enacted that:

Any one "who shall examine or inspect any risk, or receive, collect or transmit any premium of insurance, etc., shall be held to be the agent of the company for which the act is don- or the risk is taken as to all the duties and liabilities imposed by law, whatever conditions or stipulations may be contained in the policy or contract."

We are not called upon to declare all the purposes of this statute. One of its purposes certainly was to prevent fraudulent agencies. But it speaks the policy of our state, to bind the company for any act done by an agent within the scope of his duties. Here the socalled soliciting agent was fully authorized to inspect the risk and accept the business. This he did with full knowledge of the conditions and in the face of his representations that a fire proof safe was unnecessary. The question of fact as to these representations of the agent is a question for the jury. It is well settled that, if an insurance company, with full knowledge of the fact, accepts as a risk improved property which is vacant and unoccupied at the time the policy is delivered, the contract cannot be forfeited on account of the familiar stipulation against vacancy. In such case the same argument could be made as in the present case, to the effect that the soliciting agent has no authority to waive any of the provisions of the policy.

Counsel rely upon the case of *Murphy* v. *Continental Insurance Co.* (Iowa), 157 N. W. 855, L. R. A. 1917B, 934, holding that an insurance company is not bound by a statement of the soliciting agent as to what the policy will cover when it is issued. The opinion of the court in that case guards well the distinction which we have attempted to draw, and frankly concedes that the company would be bound by knowledge received through the soliciting agent at the time the application is prepared and accepted. The court quotes from *Dryer* v. *Security F. Ins. Co.*, 94 Iowa, 471, 62 N. W. 798, and in so doing quotes to approve the following statement:

"His principal was bound by the knowledge he had when the application was prepared and accepted, but not by statements he made outside the scope of his apparent powers."

And, in quoting from the subsequent Iowa case of *Cornelius* v. *Farmers' Ins. Co.*, 113 Iowa, 183, 84 N. W. 1037, it quotes to approve this statement:

"It thus appears that the application contained no misstatement of any existing fact or past transaction, nor did it omit any. What was said related solely to an anticipated, though not settled, use of the property. It was an arrangement as to conditions of the policy with which a soliciting agent had nothing to do rather than a representation of the existing or past conditions of the property to be insured."

In the present case the representations of the agent at the time the risk was accepted that a fireproof safe was unnecessary became and was the act and statement of the company itself; and, this being so, as said by Judge CALHOUN in the *Randle Case*, 81 Miss. 720, 33 So. 500, "the company therefore is bound as upon both waiver and estoppel." In this connection it is intimated by learned counsel that the language of Judge CALHOUN which we quoted in our opinion was intemperate and calculated to do insurance companies an injustice. We, of course, cannot withdraw language employed by Judge

CALHOUN. What has been written by him is written, and we would certainly hesitate to add to or take away from the words of this distinguished and lamented jurist.

We believe the views expressed in our opinion are sound, and we accordingly adhere to them.

*Suggestion of error overruled.*