McFetridge, Respondent, vs. The Phenix Insurance Company of Brooklyn, N. Y., Appellant.

*January 10 — January 31, 1893.*

*Insurance against fire: Sole ownership by insured: Partnership: Waiver of forfeiture: Court and jury.*

1. A policy provided that if any persons other than assured had any interest whatever in the property it must be so represented to the company and so expressed in the policy, otherwise the policy should be void. The insurance was obtained by one partner upon firm property as his own, in his own name. *Held,* that the policy was void unless the agent of the company, when making the contract, had knowledge of the fact and waived such condition.

2. The evidence in this case is *held* not to show conclusively that there was such a waiver at the time of making the contract, or that, after a loss and after the company had knowledge of the facts, it waived the forfeiture by a demand for further proofs of loss.

APPEAL from the Circuit Court for *Columbia* County. This action was commenced October 9, 1891, upon a policy of insurance on an ice-house described, executed by the defendant April 24, 1890, and indemnifying the plaintiff to

the amount of $1,500 against loss or damage by fire at any time from April 24, 1890, to April 24, 1891. January 1, 1891, the property was destroyed by fire. The complaint is in the usual form in such cases.

The defendant, by way of answer, alleged breaches of the conditions contained in the policy, to the effect following, to wit: "(1) If the hazard be changed by occupancy or by the erection or occupation of neighboring buildings, or by any means whatever within the control of the assured, without the consent of this company indorsed hereon, . . . in every such case this policy shall be void." "(6) If the interest of the assured in the property be other than an absolute fee-simple title, or if any other person or persons have any interest whatever in the property described, whether it be real estate or personal property, or if the building insured or containing the property insured by this policy stands on leased ground, or if there be a mortgage or other incumbrance thereon, whether inquired about or not, it must be so represented to the company, and so expressed in the written part of this policy; otherwise the policy shall be void." "(11) Persons sustaining loss or damage by fire shall within six days give notice in writing of said loss to the company, and within thirty days from the date of the fire render a particular and specific account of such loss, signed and sworn to by them, stating the facts as therein indicated, together with the usual certificate of a magistrate, and a verified certificate of a reliable and responsible builder as to the actual cash value of such building." And among other things the answer alleged, in effect, that neither the defendant nor any of its officers or agents had any knowledge or information of the breaches of the conditions mentioned in the answer, or that Scott and Smith owned any such interest in the premises as they did, until long after the loss occurred.

At the close of the trial the jury returned a special verdict, in which *all questions were answered by the court* except the fourth, as hereinafter stated, to wit: (1) That the defendant issued and the plaintiff accepted the policy described in the complaint; (2) for the amount of $1,500; (3) that the property insured was actually destroyed; (4) that the amount of damages sustained by the plaintiff was $1,500 and interest, amounting to $1,590, as found by the jury; (5) that the plaintiff delivered proofs of loss, described as "Exhibit B," to the defendant, January 31, 1891; (6) that the plaintiff did within six days give notice of his loss in writing to the defendant; (7) that the plaintiff did not procure the certificate of a reliable and responsible builder, in detail, as to the cash value of the building immediately before said fire, and attach the same to the proofs of loss; (8) that the plaintiff's interest in the property insured was not that of an absolute owner in fee simple; (9) that the plaintiff was not the sole and unconditional owner of the property at the time said insurance was obtained; (10) that, at the time of making the contract of insurance, other persons than the plaintiff had an interest in the building insured; (11) that Edward B. Scott owned four twenty-fifths thereof, and Hiram H. Smith owned three twenty-fifths thereof; (12) that after the issuing of said policy and before the loss the building adjacent to the building insured was removed, to the knowledge of the plaintiff; (13) that the plaintiff did not notify the company of such change.

The court also submitted to the jury a general verdict by which they found in favor of the plaintiff and assessed his damages at the sum of $1,590; but the court also refused to submit to the jury this question: "Did the plaintiff inform Martin, at the time or prior to the issuing of the policy, of the condition of plaintiff's title and interest in the property insured?"

Upon the special verdict so returned the court rendered judgment in favor of the plaintiff and against the defendant for the sum of $1,590 and costs. From that judgment the defendant appeals.

For the appellant there was a brief by *Mylrea, Marchetti & Bird*, attorneys, and *Geo. W. Bird*, of counsel, and oral argument by *Geo. W. Bird*.

*H. W. Chynoweth*, for the respondent.

CASSODAY, J. It is undisputed that at the time of making the contract of insurance the plaintiff was in partnership with Scott and Smith, mentioned in the foregoing statement; that the firm then owned the property so insured, and each had an interest therein; that Hugh Martin acted as and was the agent of the defendant in making the contract of insurance and in countersigning the policy and issuing the same to the plaintiff. It is contended that it was competent for the plaintiff, as one of the partners, to insure the property in his individual name. Assuming that one of a firm may insure in his own name, yet we are constrained to hold that he cannot, under a policy like the one in question, insure firm property as his own, in his own name, and without the knowledge of the company. It follows that the interests of Scott and Smith in the property insured operated as. a breach of one of the conditions of the policy mentioned in said statement, and must avoid the same, unless it was known to and waived by Martin in making the contract of insurance.

It is contended that in making such contract Martin had such knowledge and waived such condition. The testimony of the plaintiff is certainly to that effect. While Martin concedes that in making the contract the plaintiff said something about having partners in the ice business in their trade, delivering ice in the city, yet he testified to the effect

that he asked the plaintiff who owned the building, and told him that he regarded it as his duty, as agent, to know fully who owned the property, because the contract of insurance would be invalid if not properly written; and the plaintiff replied: "I am the owner of the building. The lease is in my name, and I am the owner of the building." We must hold that it was error to take such question of waiver from the jury.

It is contended that, after the defendant or its agents had knowledge of the breaches of the conditions in the policy, further proofs were demanded, and that the defendant thereby waived such breaches; but such contention is not conceded nor established by the undisputed evidence. The most that Martin concedes is that he informed the plaintiff that he wanted to ascertain the facts, and sought to do so. The most that appears from the plaintiff's testimony in respect to such waiver by the defendant's adjuster, Ostrander, is to the effect that he handed him the proofs of loss, and he looked them over and "said there was no builder's estimate in the proofs of loss;" that he told him he would get one as quick as possible; that Ostrander then refused to remain in his office any length of time, or state when the plaintiff could find him there; that he then sought to obtain such builder's estimate, but was unable to do so; that he then took such proofs of loss, without such estimate, back to Ostrander's office, but that he refused to receive them; that he left the proofs of loss in that office, and told Ostrander he would get a builder's estimate as soon as possible; that on Tuesday of the following week Ostrander told him he would not receive a builder's estimate, as it was after the time, and that he would not pay the loss on those grounds,— on the ground that there was no builder's estimate. We must hold that such waiver was not established by the undisputed evidence. *Cannon v. Home Ins.*

*Co.* 53 Wis. 585; *Renier v. Dwelling House Ins. Co.* 74 Wis. 96.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

On the subject of an undivided interest in property as full or complete ownership for the purpose of insurance, see the note to *Beebe v. Ohio Farmers' Ins. Co.* (Mich.), 18 L. R. A. 481.— REP.

