BOURGEOIS, Appellant, vs. THE MUTUAL FIRE INSURANCE COMPANY OF MARSHFIELD, FOND DU LAC COUNTY, WISCONSIN, Respondent.

*November 8 — November 28, 1893.*

*Insurance against fire: Agency: Waiver of conditions.*

1. Plaintiff applied to defendant's agent for insurance and truly stated the amount of an incumbrance on his property.   At the instance of the agent the defendant's secretary, who was present and who afterwards countersigned the policy, wrote out the application, but falsely stated therein that the incumbrance was for a smaller amount.   *Held,* a waiver of a condition in the policy avoiding it in case of any false statement as to incumbrances.

2. Under sec. 1977, R. S., an insurance company which has issued a policy upon an application taken by an agent cannot disclaim his agency in the doing of anything necessarily implied in the taking and forwarding of such application.

3. Where the authority of a local agent is limited to taking applications and receiving premiums, his agency as to a particular policy ceases as soon as the contract is complete, and he has no power thereafter to waive any of the conditions of the policy.

4. One who becomes a member of a mutual fire insurance company by accepting a policy therein takes it subject to all the conditions and limitations contained therein and in the charter and by-laws, and in the absence of fraud or mistake is conclusively presumed to know their contents.

APPEAL from the Circuit Court for *Fond du Lac* County.

The complaint alleges, in effect, that in June, 1891, for a valuable consideration paid, the plaintiff procured a policy of insurance in the defendant company against loss or damage, to the amount of $3,000, of which $2,000 was on his dwelling house, including foundation and cellar walls, $400 on his barn, $300 on his granary and stable therein, and $300 on live stock, which policy was for the term of five years, from June 4, 1891, to June 4, 1896; that the plaintiff performed all the conditions on his part to be performed; that in the night of February 8 and 9, 1892, the said dwelling house was totally destroyed by fire, for which he prays judgment for $2,000 and interest. The answer is to the effect that the defendant was and is a mutual insurance company; that at the time of issuing the policy in question the plaintiff was a member thereof, and knew of the provisions of the charter, by-laws, and policy; and that, by virtue of certain provisions thereof mentioned, the policy became wholly forfeited prior to said fire, and particularly by the plaintiff's taking $2,000 additional insurance in the Northwestern National Insurance Company in October or December, 1891.

At the close of the trial the jury returned a special verdict, to the effect (1) that the plaintiff's agent, Henry Bourgeois, at the time of the application for the policy in the defendant company, did inform the defendant's agent, Pauley, that there was an incumbrance on the property for $4,900; (2) that the plaintiff's agent, Henry Bourgeois, at the time said application was made, did not represent to the defendant's agent that the property was only incum-

bered for $1,000; (3) that the plaintiff's dwelling house was worth, when the policy in suit was issued, $7,772; (4) that the plaintiff's agent, Henry Bourgeois, at the time the application for said policy was made, did not represent to the defendant's agent that the plaintiff's dwelling house was worth $6,000; (5) that J. M. Pauley, at the time he took the application for $2,000 in the Northwestern National Insurance Company, in October or December, 1891, did consent to $2,000 additional insurance on the dwelling house in Kelley's agency at Sheboygan; (6) that J. M. Pauley, at the time he took the application for a policy of insurance in the Northwestern National Insurance Company, did state to the plaintiff's agent that it was not necessary to notify insurance companies that additional insurance was to be taken, but all that was necessary was to notify the last company of the prior insurance.

The court denied the plaintiff's motion for judgment on such special verdict, and at the same time granted the defendant's application for judgment thereon. From the judgment entered accordingly the plaintiff appeals.

*Maurice McKenna,* for the appellant, contended, *inter alia,* that under sec. 1977, R. S., Pauley was the general agent of the defendant and had authority to bind the company by his acts of waiver. *Schomer v. Hekla F. Ins. Co.* 50 Wis. 575; *Knox v. Lycoming F. Ins. Co.* id. 671; *Bosworth v. Merchants' F. Ins. Co.* 80 id. 393; *Mathers v. Union Mut. Acc. Asso.* 78 id. 588; *Zell v. Herman F. M. Ins. Co.* 75 id. 521; *Alexander v. Continental Ins. Co.* 67 id. 422; *Body v. Hartford F. Ins. Co.* 63 id. 157; *Spensley v. Lancashire Ins. Co.* 54 id. 433; *Alkan v. New Hampshire Ins. Co.* 53 id. 136. The company, through Pauley, duly waived the condition requiring notice of additional insurance to be given to the secretary. At all events, having through its agent misled the plaintiff to his injury, it is now estopped from asserting the forfeiture claimed as a defense. This case

must be distinguished from those (including *Hankins v. Rockford Ins. Co.* 70 Wis. 1) in which it is held that the agent cannot waive a condition in the policy, after its delivery to and acceptance by the assured, where such policy contains an express provision limiting the powers of the agent to waive any of the conditions therein contained. The policy in suit here contains no such provision.

*Edward S. Bragg,* for the respondent.

CASSODAY, J. The plaintiff, by his agent, applied to Pauley, a local agent of the defendant, for the insurance in question, June 4, 1891. The jury found that at the time of such application the plaintiff's agent informed Pauley that there was then an incumbrance on the property to the amount of $4,900, and the evidence supports the finding. It further appears from the evidence that at the time of such application the plaintiff's agent requested Pauley to write the same; that the defendant's secretary, Hennen, who countersigned the policy in question, being present at the time, at the instance of Pauley wrote the application, and thereupon the plaintiff's agent signed it; that it was therein falsely stated that the property was only incumbered to the amount of $2,000. By the express terms of the policy such false statement would have avoided the same, had not such forfeiture been waived by the facts stated. This court has repeatedly held, in effect, that such action of Pauley and the secretary, with the knowledge of the existence of the incumbrance mentioned, was binding upon the defendant and a waiver of such condition in the policy against such incumbrance. *Renier v. Dwelling House Ins. Co.* 74 Wis. 94, and cases there cited. As there said : "Under our statute, whoever solicits insurance on behalf of any insurance company, or transmits an application to such company, or a policy to or from such corporation, or collects or receives any premium for insurance, or in any

manner aids or assists in doing either, or in transacting any business for such company, must be deemed and held to be an agent of such corporation, to all intents and purposes, *in each of the several things* mentioned. Sec. 1977, R. S.; *Hankins v. Rockford Ins. Co.* 70 Wis. 4." 74 Wis. 95. The local agent here having been thus applied to for such insurance and informed of such incumbrance, and having procured the application to be written, as mentioned, and the defendant having finally issued the policy thereon, it cannot disclaim Pauley's agency in the doing of anything necessarily implied in the specific acts thus authorized. *Ibid.*

It appears from the findings of the jury that in October or December, 1891, Pauley became or was the local agent of the Northwestern National Insurance Company, and that as such he took the plaintiff's application for $2,000 additional insurance in the last-named company, and that he then informed the plaintiff that it was unnecessary to notify the defendant of such additional insurance. Accordingly, it so happened that the plaintiff took such additional insurance in the Northwestern National Insurance Company without any knowledge or consent of the defendant otherwise than the knowledge so entertained by Pauley. On the night of February 8 and 9, 1892, the property was destroyed by fire. March 14, 1892, the defendant notified the plaintiff that it declined to pay the loss by reason of such additional insurance, and also that the policy was canceled for the same reason. The by-laws of the defendant and the policy in question were, in effect, conditioned that such policy should be void in case the plaintiff should procure any additional insurance during the life of the policy, *provided*, however, that if the assured should, with reasonable diligence, give notice of such additional insurance to the defendant's secretary, and the company should not elect to cancel the policy by reason thereof, then that its liability should continue. Under this condi-

tion the taking of the additional insurance, as stated, op-
erated *ipso facto* as a forfeiture of the policy, unless the
same was waived by the company. The contention is that
the defendant, by its agent, Pauley, waived such forfeiture
by reason of what he said and did at the time of taking
such additional insurance in October or December, 1891,
as mentioned. Under the by-laws, Pauley was the agent
of the defendant in the town. As such his business was to
take applications and receive premiums, either in cash or
premium notes, and deliver the same to the company. For
each application and each renewal taken by him he was
allowed, as a fee, one dollar in case the same was accepted
by the company; otherwise, nothing; and no application
or renewal so taken was binding on the company until ap-
proved by the secretary. Such were his relations to the
defendant. While he was the agent of the defendant in
procuring the policy here sued upon, yet he ceased to be
such agent as to that policy immediately on the completion
of that contract. Expressions may be found in some of the
adjudications of this court, when not limited by the facts
of the particular case being considered and the points de-
cided therein, authorizing a contrary inference; but the
authority of a decision is necessarily limited to the points
actually decided. This court has repeatedly held that such
local agent, under the section of the statute cited, is, after
all, limited to the act of the particular person in doing one
or more of the things specifically designated therein. This
contract of insurance was complete in all its terms and
binding upon both parties at the time of the delivery of
the policy. The plaintiff, as a member of the defendant
company, accepted the policy with all the conditions and
limitations contained in the charter, the by-laws, and the
policy. In the absence of any fraud or mistake he was,
on general principles, conclusively presumed to know their
contents. Knowing their contents, the plaintiff must in

law be deemed to have understood that Pauley, as such mere town agent, had no authority, three months after the making of the contract, to waive the conditions therein contained. *Hankins v. Rockford Ins. Co.* 70 Wis. 4; *Knudson v. Hekla F. Ins. Co.* 75 Wis. 198; *Bosworth v. Merchants' F. Ins. Co.* 80 Wis. 393; *Stevens v. Queen Ins. Co.* 81 Wis. 335.

*By the Court.*— The judgment of the circuit court is affirmed.