# CASES DETERMINED

# January Term, 1906.

WOODARD and another, Appellants, vs. GERMAN-AMERICAN
INSURANCE COMPANY OF NEW YORK, Respondent.

*January 12—April 17, 1906.*

*Insurance against fire: Waiver of forfeiture: Rights of mortgagee:*
*Judgment notwithstanding special verdict: Practice.*

1. Under the provision of the standard fire insurance policy that,
   unless otherwise provided by agreement indorsed thereon or
   added thereto, it shall be void if foreclosure proceedings be
   commenced with the knowledge of the insured, a forfeiture
   for that reason was not waived by mere silence of the insured
   after knowledge of the facts, nor by its retention of proofs of
   loss which it did not invite, nor by its failure to tender back
   the unearned premium, even though the insured was thereby
   induced to believe that the policy would be continued in force
   notwithstanding such foreclosure proceedings. *Gans v. St. Paul*
   *F. & M. Ins. Co.* 43 Wis. 108, and other cases in which the in-
   sured was put to trouble and expense at the request of the in-
   surer, after the latter had knowledge of the forfeiture, distin-
   guished.
2. A mortgagee as to whom a fire insurance policy provides merely
   that the loss, if any, shall be payable to him as his interest
   may appear, has no greater rights, after a forfeiture, than
   has the insured.
3. Where the findings of a special verdict in connection with the
   undisputed evidence would not sustain a judgment for plaint-
   iff, it is immaterial, upon rendering judgment for defendant
   notwithstanding the verdict, whether or not the verdict be set
   aside or the answers therein changed.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action was brought to recover $1,000, loss under a Wisconsin standard fire insurance policy contract issued by defendant to plaintiff *C. W. Woodard* on a store building. There was attached to the policy a clause providing for payment to plaintiff *Anna Ulwelling* as her interest might appear. The insured, *Woodard,* and mortgagee, *Ulwelling,* brought suit to recover on the policy, claiming a total loss. The defendant contested the right to recover on three separate and distinct grounds: (1) That prior to the making of the contract in suit the plaintiff *Woodard* had procured other insurance on the property insured by defendant in the amount of $1,500, which was in force and effect at the time of the fire, and that permission was given by the defendant to carry other insurance to the amount of $1,000 only. (2) That the policy by its terms provided that it should be void if foreclosure proceedings were commenced with the knowledge of the insured, and that the plaintiff *Ulwelling* commenced foreclosure proceedings on her mortgage covering the property, and that the summons and complaint were personally served upon the plaintiff *Woodard,* and that no agreement was indorsed on the policy or added thereto waiving the forfeiture occasioned by the foreclosure proceedings. (3) That the plaintiff *Woodard* was guilty of fraud and false swearing in making proofs of loss. To avoid the forfeiture claimed on the part of the defendant, plaintiffs claimed waiver by notice to the agent of defendant of the prior insurance before the issuance of the policy in suit, and knowledge of the foreclosure proceedings after commencement thereof and before the fire without objection, receipt of proofs ^f loss, and failure to return unearned premium. After plaintiffs put in their evidence defendant moved for a nonsuit, which was denied. After the evidence was all in, defendant moved for a directed verdict, which was denied.

The trial resulted in the following verdict:

"(1) Was defendant's agent, N. E. Lane, informed before the issuance of the policy of insurance described in plaintiffs' complaint, to wit, on the 4th day of December, 1901, that there was then a policy of insurance existing upon the same property described in plaintiffs' complaint? _Answer._ Yes. (2) Did defendant's agent, N. E. Lane, have notice of the commencement of the foreclosure of the mortgage executed by plaintiff _Woodard_ to _Anna Ulwelling_ on the said real estate described in plaintiffs' complaint, on or about January 15, 1902? _A._ Yes. (3) If you answer question No. 2 by 'Yes,' did defendant's said agent, Lane, by his silence and failure to tender back any portion of the premium for which said policy was issued, induce the plaintiff _Woodard_ to believe the said policy of insurance would be continued notwithstanding the commencement of said foreclosure proceedings? _A._ Yes. (4) If you answer question No. 3 by 'Yes,' was the said plaintiff, _Woodard,_ induced to believe that said policy was still in force? _A._ Yes. (5) If you answer question No. 4 by 'Yes,' was plaintiff _Woodard,_ owing to said attitude of defendant, put to the expense of filing proofs of loss? _A._ Yes. (6) Did the fire of January 25, 1902, which broke out in said building insured by defendant against loss by fire, wholly destroy the same? _A._ Yes."

After verdict defendant moved to change the answers to the questions and for judgment. The court ordered judgment for defendant notwithstanding the verdict, dismissing the plaintiffs' complaint with costs, from which this appeal was taken.

_Rublee A. Cole,_ for the appellants.

For the respondent the cause was submitted on the brief of _John Barnes,_ attorney, and _E. D. Minahan,_ of counsel.

The following opinion was filed January 30, 1906:

KERWIN, J. It is undisputed that after the issuance of the policy an action to foreclose a mortgage owned by plaintiff _Ulwelling_ upon the property insured was commenced without

the consent of the defendant and with the knowledge of the insured, *Woodard,* and it is not seriously disputed but that the commencement of such action worked a forfeiture of the policy; but it is claimed on the part of the plaintiffs that such forfeiture was waived by defendant, and that by its acquiescence in the foreclosure proceedings, receipt of proofs of loss, and failure to return unearned premium it elected to treat the policy in force, and that such conduct on the part of the defendant after knowledge of the forfeiture amounted to a waiver or operated as an estoppel. The foreclosure action was commenced some ten days or more before the fire, and there is evidence tending to show that the agent of the company had knowledge of such action prior thereto. The plaintiffs made and served proofs of loss and commenced action to recover on the policy, claiming upon the trial, by way of establishing a waiver of the forfeiture occasioned by the foreclosure proceedings, that they had been put to trouble and expense in making proofs of loss and examining the remains of the destroyed building, without any objection on the part of the defendant, or assertion that it elected to stand upon the forfeiture of the policy, and that it retained the proofs of loss and did not return or offer to return the unearned premium, and that such conduct on its part amounted to a waiver of the forfeiture under the decisions of this court. But an examination of the cases cited by counsel for appellants will show that they do not sustain his contention. In *Gans v. St. Paul F. & M. Ins. Co.* 43 Wis. 108; *Cannon v. Home Ins. Co.* 53 Wis. 585, 11 N. W. 11; and *Oshkosh G. L. Co. v. Germania F. Ins. Co.* 71 Wis. 454, 37 N. W. 819, the insured in each case was put to trouble and expense at the request of the company in the preparation and making of proofs of loss after the company had knowledge of the forfeiture; and in *Renier v. Dwelling House Ins. Co.* 74 Wis. 89, 42 N. W. 208, the general agent recognized the validity of the policy after forfeiture and invited proofs of loss, and

the insured furnished the same in pursuance of such invitation. In *Dick v. Equitable F. & M. Ins. Co.* 92 Wis. 46, 65 N. W. 742, the insured was put to expense and delay by the company after knowledge of the forfeiture. In the latter case the insured at the request of the adjuster furnished a carpenter's estimate. There is no proof or finding in the case before us that the plaintiffs were put to any trouble or expense at the request of the defendant. Nor is there any proof or finding establishing a waiver or estoppel. The undisputed evidence shows that defendant simply remained silent. It made no request and took no action inducing trouble or expense on the part of the plaintiffs. What the plaintiffs did, they did at their own volition and without any invitation from, or inducement by, defendant; they commenced action to recover and defendant contested their right. The policy in suit contained the usual provision of standard policies to the effect that it should be void, unless otherwise provided by agreement indorsed thereon or added thereto, if, with the knowledge of the insured, foreclosure proceedings were commenced.

It being established that the policy was forfeited by the commencement of foreclosure proceedings, it only remains to consider whether such forfeiture has been waived. True, the jury found that the agent of the defendant by his silence and failure to tender back any portion of the premium induced the plaintiff *Woodard* to believe that the policy would be continued in force notwithstanding the foreclosure proceedings, and that said plaintiff was induced to believe it was in force, and that he was put to the expense of filing proofs of loss. But these findings are wholly immaterial. The fact that *Woodard* believed the policy would be continued in force, or was induced to so believe by the silence of defendant or its failure to return the premium, cannot avail the plaintiffs. All that is claimed by plaintiffs is that defendant retained the proofs of loss and failed to return the unearned premium

or notify plaintiffs that it claimed a forfeiture. It is undisputed that defendant was never asked to waive the forfeiture or return any part of the premium, and that it never requested plaintiffs to make proofs of loss or incur any expense whatever. Knowledge on the part of the agent is no evidence of waiver. *Hankins v. Rockford Ins. Co.* 70 Wis. 1, 35 N. W. 34; *Carey v. German Am. Ins. Co.* 84 Wis. 80, 54 N. W. 18; *Bourgeois v. Mutual F. Ins. Co.* 86 Wis. 402, 57 N. W. 347. Under the standard policy respecting waiver otherwise than as provided in the policy, this court in *Welch v. Fire Asso.* 120 Wis. 456, 464, 98 N. W. 227, said:

"The court has never held, in the face of a policy provision forfeiting the contract for a violation of its provisions by the assured after the issuance thereof, such provision being accompanied by a stipulation that it shall not be deemed waived other than by a writing indorsed thereon, that a waiver could take place in any other manner. The court has often held to the contrary."

In *Keith v. Royal Ins. Co.* 117 Wis. 531, 94 N. W. 295, defense was made on the ground of forfeiture because of change of partners, and that the assured under the policy were not the unconditional owners, and it was shown for the purpose of avoiding the forfeiture that the agent was informed of such change and had knowledge of the facts before the fire; nevertheless it was held that such knowledge was immaterial, since no waiver was made in the manner provided by the policy. After execution of the policy, neither knowledge of the forfeiture coming to the agent, silence on his part, nor failure to return unearned premium amounts to a waiver in the absence of the agreement provided by the policy indorsed thereon or added thereto. *Stevens v. Queen Ins. Co.* 81 Wis. 335, 51 N. W. 555; *Bosworth v. Merchants' F. Ins. Co.* 80 Wis. 393, 49 N. W. 750; *Straker v. Phenix Ins. Co.* 101 Wis. 413, 77 N. W. 752; *Keith v. Royal Ins. Co., supra.* Nor does the retention of proofs of loss furnished by the in-

sured amount to a waiver.  *McFetridge v. Phenix Ins. Co.*
84 Wis. 200, 54 N. W. 326.  The policy being forfeited by
the foreclosure proceedings and no sufficient waiver having
been shown, the insured had no cause of action and the mort-
gagee had no greater right than the insured.  *Wunderlich v.*
*Palatine F. Ins. Co.* 104 Wis. 395, 80 N. W. 471; *Keith v.*
*Royal Ins. Co., supra.*  From what has been said it follows
that it is unnecessary to consider the other grounds of for-
feiture urged by the defendant.

It is further claimed on the part of the appellants that the
defendant was not entitled to judgment notwithstanding the
verdict, nor to judgment without setting aside the verdict or
changing the answers therein.  But it will be seen that the
findings in the special verdict fail to establish a waiver of
the forfeiture, and such findings in connection with the un-
disputed evidence would not sustain a judgment for plaintiffs.
It was therefore wholly immaterial whether the verdict was
set aside or the answers changed.  The defendant, upon the
undisputed evidence, was entitled to judgment.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied. April 17, 1906.