OLBRICH, Appellant, vs. MUTUAL FIRE INSURANCE COMPANY OF MARSHFIELD, Respondent.

*April 9—October 14, 1924.*

*Insurance: Clause against additional insurance without notice: Validity: Waiver: Failure to return unearned premium: Retention of unrequested proofs of loss.*

1. A condition in a fire insurance policy that in case of additional insurance without notice to the insurer the policy should become void, is valid. p. 415.
2. Any action or declaration of the insurer or of any of its agents made before notice that there was undisclosed additional insurance would not constitute a waiver of the provisions of the policy. p. 415.

3. The insurer's denial of liability for loss on a dwelling because of the breach of a condition in the policy against additional insurance without notice was not rendered nugatory by its offer to cancel the policy as to a barn covered by the policy. p. 415.

4. In case of a breach by the insured of a condition against additional insurance without notice, the insurer could avoid the policy without an offer to return the unearned premium. p. 416.

5. In case of a policy of fire insurance providing that should additional insurance be placed on the property the policy shall be void or continue in force, at the option of the insurer, upon receiving notice, and a loss occurs before notice given, the insurer must admit or deny liability. p. 416.

6. The insurer, by retaining unrequested proofs of loss sent by the insured, did not waive a breach of the condition against additional insurance. p. 416.

APPEAL from a judgment of the circuit court for Calumet county: FRED BEGLINGER, Circuit Judge. *Affirmed.*

Action to recover $3,400 on a fire insurance policy issued by the defendant on plaintiff's property on the 6th day of February, 1922. The policy contained this provision:

"If any person being assured in the company shall in his application for such insurance have made any false statement as to the state of incumbrance upon his property or of prior insurance thereon; or if he shall afterward, during the life of his policy, procure additional insurance upon the same property, then in either case such policy shall be void and of no effect and no liability thereon shall exist against this company by any loss that may occur; provided, however, that if such additional insurance be taken subsequent to the policy issued by this company, and the assured shall with reasonable diligence give notice of such additional insurance to the secretary of the company, and this company shall not elect to cancel its policy by reason thereof, its liability will continue."

On the 25th of February, 1922, the plaintiff took out an additional policy of $1,000 covering the same property covered by defendant's policy, but gave defendant no notice thereof until April 26, 1922. On March 26, 1922, the in-

sured property was wholly destroyed by fire and due proofs of loss were made. The defendant denied liability on the ground of additional insurance, and the trial court held the policy forfeited on that ground and entered. judgment for the defendant. The plaintiff appealed.

*L. P. Fox* of Chilton, for the appellant.

For the respondent there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

The following opinion was filed May 6, 1924:

VINJE, C. J. It is undisputed in this case that so far as the dwelling house covered by the policy is concerned a total loss occurred long before the defendant was notified of the additional insurance. The loss occurred March 26, 1922, and defendant was not notified and did not know of the additional insurance until April 26, 1922. Any action or declaration by the company or any of its agents made before notice of additional insurance was given would therefore not constitute a waiver on its part. And since notice of additional insurance did not come to defendant till after the loss, a discussion of the rules of law or construction of the quoted portion of the policy applicable to notice before a loss occurs are beside the question. Much of plaintiff's brief is addressed to this subject.

As soon as defendant was informed of the additional insurance it promptly and continuously asserted its nonliability as to the insurance on the dwelling house. This it was authorized to do because the condition against additional insurance without notice was valid. *Bourgeois v. Mutual Fire Ins. Co.* 86 Wis. 402, 57 N. W. 38. Its offer to cancel the policy as to the barn, which was not destroyed, cannot be held to affect or render nugatory its denial of liability for loss on the dwelling house. If the policy is held to be indivisible, it was only an error of law to offer to cancel the policy as to the barn. It cannot be construed as a waiver of taking additional insurance as to the house. Where there

is a policy containing a provision that in case of additional insurance it shall be void or continued in force, at the option of the insurer, upon receiving notice, and a loss occurs before notice of additional insurance is given, the insurance company must either admit liability and pay the loss or it must deny liability. There is no occasion for any application of the option as to continuing the insurance. The subject of insurance is destroyed and the option has nothing to operate upon. Here the house was destroyed and the defendant denied liability. Plaintiff claims a waiver because of belated offer to return the unearned premium. In a case of a breach by the insured of a condition against additional insurance it is not necessary to offer to return the unearned premium. *Woodard v. German-American Ins. Co.* 128 Wis. 1, 106 N. W. 681; 14 Ruling Case Law, p. 1193, § 370.

The defendant did not demand or request proofs of loss. The fact that those sent by the plaintiff were retained by the company constitutes no waiver. *Woodard v. German-American Ins. Co., supra.*

We find no facts in the record that disclose any waiver on the part of the defendant. It had a right to and did deny liability as to the loss on the house from the time it knew of the additional insurance.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on October 14, 1924.