Irving Inventasch
vs.                    No.66516
Superior Fire Insurance Co.

RESCRIPT

March 2, 1927

HAHN, J. Heard by the Court, jury trial waived.

This is an action on a fire insurance policy, the standard form of which is provided by General Laws, Chapter 258. The policy contained the statutory provisions that it should

become void if the subject of insurance was personal property and became encumbered by a chattel mortgage, and that

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto, and

"No officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be subject of agreement endorsed hereon or added hereto, and

"As to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions and conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The above quotation forms one continuous paragraph in the policy and statute but is here separated for convenience in reference, inasmuch as the decisions in other states are under policies containing one or more of the above provisions.

The policy was issued in February, 1925, and no agreement or waiver of the proviso touching a chattel mortgage was at any time written or endorsed thereon or attached thereto. A chattel mortgage was, however, placed upon the property subsequent to the issue of the policy.

It was stipulated and agreed between counsel that upon the 22nd day of July, 1925, the plaintiff placed a chattel mortgage on the property for the sum of $1250.00 in favor of Jacob Bloom; that on November 9, 1925, a fire had occurred on the property covered by the policy and that the plaintiff's loss by reason of said fire was $793.74.

On July 30, 1925, the defendant company, through its general agent, wrote the following letter to Winfield J. Fuller, of the Winfield J. Fuller Company, which issued the policy, said letter being Defendant's Exhibit 1, and reading as follows:

"July 30th, 1925.
Mr. Winfield J. Fuller,
    Providence, R. I.
Dear Sir:—
    Re: Supe. Pol. No. 471245—
        Irving Iventash—
We are in receipt of information that a chattel mortgage has been filed against the above assured in favor of Jacob Bloom for $1250, covering stock and fixtures.

If this is correct, we must ask for the immediate cancellation of our policy, and would appreciate your giving this matter your prompt attention.

        Yours very truly,
        Geo. S. Rosencrantz,
           General Agent."
HEC:C

Thereafterwards a representative of Mr. Fuller wrote a letter to the plaintiff under date of August 3rd, 1925, marked Plaintiff's Exhibit 2, which reads as follows:

"We have received a letter from our insurance company requesting cancellation of your Superior Policy No. 471245, amount $1500, on stock in drug store, because of the fact that they have information that a chattel mortgage has been placed on it in the amount of $1250 in favor of Jacob Bloom. On account of this they ask to be relieved of this risk and wish their policy cancelled.

"It is a fact that the insurance companies do not like to insure stock covered by chattel mortgages, but if you will write us the circumstances for which the

money is to be used and when and how it is to be paid up we will advise the company and they may allow the insurance to remain in force.

"Kindly let us hear from you at once and in case this company cancels the policy after giving them this information we may be able to place it in another company.

"Kindly advise us at once in regard to this mortgage."

These letters show that the company after learning of the mortgage, the placing of which rendered the policy void, did not see fit to be further bound by the terms of the policy and the Winfield J. Fuller Company notified the plaintiff that it was the desire of the insurance company to have the policy cancelled.

There is no evidence of any waiver on the part of the insurance company or no evidence of conduct misleading the insured to his prejudice.

"Where a policy of insurance has become void by violation of one of its conditions, it cannot be revived by anything short a new contract, or such conduct as by misleading the insured to his prejudice operates as an estoppel."

N. Y. Central Ins. Co. v. Watson, 23 Mich. 486.

Treating the policy as voidable rather than void there is no evidence that the company waived the forfeiture. The letter quoted (Plaintiff's Exhibit 2) is not from the company or the general agent but from a local representative or solicitor and merely states what in his opinion the company might possibly do, and asks for further information. This incomplete correspondence establishes nothing.

Allemania Fire Ins. Co. vs. Hurd, 37 Mich. 11.

Moreover letters from the general agent, Mr. Rosencrantz, show that the company continued to insist on a return of the policy for cancellation.

Under standard policies mere silence of the insurer and retention of premiums will not establish waiver even though the company knew of the forfeiture or had knowledge of the facts,

Woodward vs. German Amer. Ins. Co., 128 Wis. 1.

It is believed that the above is especially true as to forfeitures occurring after issuance of the policy, as in the present case.

It does not appear that the company misled the plaintiff into thinking the policy was still in force. The asking for the return of the policy for cancellation may have been due to a desire to clear the defendant's records and have no void policies outstanding. The acts of the local agent would not create an estoppel and estoppel has been denied in cases more favorable to plaintiff than the present one.

Salvate vs. Firemen's Ins. Co., 42 R. I. 433;

Atwood vs. Caledonian Amer. Ins. Co., 206 Mass. 96, 101;

Urbaniak vs. Firemen's Ins. Co., 227 Mass. 132;

Cass vs. Lord. 236 Mass. 430.

In the last case the Court said:

"The policy is a complete instrument. It cannot be varied or modified by prior negotiations as narrated by the plaintiff . . . or overcome by invoking the aid of the doctrines of waiver and estoppel based on his interview at any time with the company's agents after he received and accepted the policy." (p. 433-4).

The foregoing distinguishes such cases as the present one from those in which the company had knowledge at the inception of the contract or policy of facts constituting a forfeiture or rendering the policy void.

Greene vs. Equitable Fire Ins. Co., 11 R. I. 434;

Reed vs. Equitable Fire Ins. Co., 17 R. I. 785.

Decision for defendant.

For plaintiff: Judah C. Semonoff.

For defendant    Sherwood, Heltzen & Clifford.